**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ANDY DESTY,<br>   Plaintiff,<br><br>               v.<br><br>SANTANDER CONSUMER USA, INC.,<br>   Defendant. | Civil Action No.<br>1:23-cv-00289-SDG |

**OPINION AND ORDER**

This matter is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge J. Elizabeth McBath, which recommends that (1) Defendant Santander Consumer USA, Inc.'s motion to dismiss be granted and (2) Plaintiff Andy Desty's Amended Complaint be dismissed with prejudice.[1] Desty filed objections,[2] and Santander replied.[3] After careful consideration of the record, Desty's objections are **OVERRULED** and the R&R is **ADOPTED** in its entirety.

**I.  Standard of Review**

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and

---

[1]   ECF 21.

[2]   ECF 23.

[3]   ECF 24.

1

must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must review *de novo* the recommendations as to which proper objections are made. 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). But it need not consider "[f]rivolous, conclusive, or general objections," *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)), and may decline to consider arguments that were not first presented to the magistrate judge, *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009).

## II.   Discussion

Desty does not object to the R&R's summary of his allegations, and the Court therefore adopts and incorporates them as part of this Order.[4] In short, this case stems from Desty's January 2021 financing agreement with Santander for the purchase of a used car. Desty objects to the R&R and asserts that Santander's motion to dismiss should be denied because it never answered his questions about his car loan.[5] He also objects to the denial of his motions for an emergency hearing and for judicial confirmation.[6] In objecting, Desty essentially restates the

---

4   ECF 23, at 2–4.

5   *Id.* at 1.

6   *Id.*

   Desty also objects to the denial of his motion for leave to amend the complaint [ECF 17]. ECF 23, at 8–9. Judge McBath denied Desty's motion as moot because she construed his filing as the amended complaint itself and ordered that it be

allegations from his Amended Complaint, adds some new ones (*e.g.*, he was forced to disclose his social security number to complete his loan from Santander), and repeats arguments he presented to Judge McBath.[7] He seems to believe that Judge McBath erred because he "provided sufficient clarity and fair notice of [his] claim to the court and to the party that represents the Defendant."[8] But he has not demonstrated how any of the R&R's conclusions are incorrect.

Specifically, Judge McBath concluded that (1) Desty did not state a claim for a violation of the Truth in Lending Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Fourth Amendment, or 18 U.S.C. §§ 241, 242, and (2) any amendment would be futile.[9] The Court agrees. While Desty's pleading is plainly based on the car loan and subsequent repossession of the car (which also allegedly contained some of his family's personal property), how those allegations are tied to the statutes he identifies is entirely unclear. For example, Desty has failed to explain how he can premise a cause of action on 18 U.S.C. § 241 or § 242,

---

docketed as such. ECF 21, at 6–7, 16. There was no error in so doing since Desty already had leave to file an amended pleading—in fact, Judge McBath ordered him to do so. ECF 15, at 6.

[7]   *See, e.g.*, ECF 23, at 2.

[8]   *Id.* at 9.

[9]   *Id.* at 7–16.

which are criminal statutes without private rights of action. *Rockerfeller v. U.S. Ct. of Appeals Office, for the Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003).

Desty's objection that Santander violated 15 U.S.C. § 1605(a) concerning finance charges is equally incorrect.[10] His pleading does not detail how Santander ran afoul of this provision because he had to make a down payment of $3,000 to leave the dealership with the car. Desty's other objections insisting that various laws do not mean what they plainly say are equally unavailing.[11]

Even more fundamentally, and as is well-detailed in the R&R, Desty failed to follow Judge McBath's directive about how to replead and filed a shotgun Amended Complaint that violates Fed. R. Civ. P. 8 and 10. In short, Desty has not supplied any basis for the Court to reject the R&R or its recommendations.

## III.   Conclusion

Desty's objections to the R&R [ECF 23] are **OVERRULED** and the R&R [ECF 21] is **ADOPTED** as the Order of this Court. Santander's motion to dismiss [ECF 18] is **GRANTED** and this case is **DISMISSED with prejudice**. The Clerk is

---

[10]   ECF 23, at 11.

[11]   By way of example, Desty objects that Judge McBath erred in concluding that 15 U.S.C. § 1635 does not apply because there is no allegation that the loan was secured by a principal dwelling. *Id.* at 12–13. But the section of the law that Desty quotes explicitly applies only when a security interest in the principal dwelling of the person taking out the credit is involved. That is, Desty's objections themselves support Judge McBath's legal conclusions.

**DIRECTED** to close this case. To the extent Desty objects to the denial of his motions for an emergency hearing [ECF 13] and for judicial confirmation [ECF 16], those objections are also **OVERRULED as moot**. Desty's motion to recuse Judge McBath [ECF 25] is **DENIED as moot**.

**SO ORDERED** this 26th day of September, 2024.

_____
Steven D. Grimberg
United States District Judge